UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
FEDIE R. REDD,

                             **MEMORANDUM & ORDER**
                             **07-CV-120 (NGG) (LB)**

          Plaintiff,

-against-

NEW YORK STATE DIVISION OF PAROLE,

          Defendant.
-------------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

On March 2, 2010, Magistrate Judge Lois Bloom issued a Report & Recommendation ("R&R" (Docket Entry # 46)) recommending that the court grant Defendant's motion for summary judgment on pro se Plaintiff's disparate treatment and retaliation claims, as well as several of Plaintiff's hostile work environment claims. (R&R 10-23, 26-31.) Judge Bloom recommended, however, that Defendant's motion for summary judgment be denied with respect to a hostile work environment claim based on the actions of Plaintiff's former supervisor, Sarah Washington. (Id. at 24-25, 31.) On March 19, Defendant filed a timely objection to this portion of the R&R. ("Objection" (Docket Entry # 47).) Plaintiff has not filed an objection to the R&R. For the reasons set forth below, the court adopts the majority of Judge Bloom's well-reasoned and thorough R&R. The court concludes, however, that Defendant is entitled to summary judgment on all of Plaintiff's claims.

## I.    LEGAL STANDARD FOR REVIEWING A REPORT & RECCOMENDATION

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The court must conduct a de novo review of those portions of the R&R to which a party has objected.

1

Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1). Where a party makes only conclusory or general objections, or simply reiterates arguments previously made, the court reviews the R&R strictly for clear error. See Harden v. Laclaire, No. 07-CV-4592 (LTS), 2008 U.S. Dist. LEXIS 86582 at *1 (S.D.N.Y. Oct. 27, 2008) (collecting cases). "Objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate judge's proposal." Id. at *2.

## II. BACKGROUND

The court assumes familiarity with the background of the case and its procedural history, and states the facts only insofar as they relate to Defendant's Objection. Plaintiff Fedie Redd ("Redd"), a black female, has been employed by Defendant New York State Division of Parole ("DOP") as a parole officer since 1990. (Def. 56.1 Statement (Docket Entry # 40, Att. A) ¶ 1.) From 1993 to 2005, Redd worked in the DOP's Queens I Area Office. (Id. ¶ 2.) Redd alleges that, inter alia, she was subjected to a hostile work environment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), et seq. ("Title VII"). (See Complaint (Docket Entry #1).)

According to Redd, Washington touched her breasts three times over a five-month period. (See Pl. Dep. (Docket Entry # 40, Att. 6) 141-143). Redd testified that the first incident took place in Washington's office on April 19, 2005. Redd claims that she was reviewing some paperwork when Washington "brushed up against [her] breasts." (Id. at 142.) The second alleged incident took place on June 16, 2005, when Washington "touched [Redd's] breasts and rubbed up against it." (Id.) Finally, Redd alleges that on September 15, 2005, she was working on a computer outside Washington's office when Washington "reached over and touched and brushed up against [her] breast." (Id. at 142-43.)

Redd testified that these incidents made her feel "uncomfortable" to the point where she avoided Ms. Washington at all costs" but that Washington continued to call her into her office. (Id. at 141, 144-45.) Redd also testified that she was reluctant to complain about Washington's actions for fear of being labeled as someone who cannot work with others. (Id. at 143-45.) Washington denies ever having touched Plaintiff in an inappropriate manner. (Washington Aff. (Docket Entry # 40, Att. 12) ¶ 6.)

## III. SUMMARY JUDGMENT STANDARD

A motion for summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A fact is material if its existence or non-existence "might affect the outcome of the suit under the governing law," and an issue of fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the [non-moving] party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In determining whether a genuine issue of material fact exists, "the court must draw all reasonable inferences in favor of the nonmoving party." Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 149 (2000).

Rule 56(c) "mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In such a situation, "there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323. A grant of summary judgment is proper "when no rational jury could find in favor of the nonmoving party because the evidence to

3

support its case is so slight." Gallo v. Prudential Residential Servs., L.P., 22 F.3d 1219, 1224 (2d Cir. 1994).

## IV. DISCUSSION

To make out a hostile work environment claim, a plaintiff must show that his or her workplace is "permeated with discriminatory intimidation, ridicule, and insult that is sufficiently pervasive to alter the conditions of the victim's employment." Brennan v. Metropolitan Opera Ass'n, Inc. 192 F.3d 310, 318 (2d Cir. 1999) (quoting Harris v. Forklift Systems, Inc., 510 U.S. 17, 21 (1993)). A plaintiff "must show not only that she subjectively perceived the environment to be abusive, but also that the environment was objectively hostile and abusive." Demoret v. Zegarelli, 451 F.3d 140, 149 (2d Cir. 2006). A plaintiff must also show that the relevant conduct occurred because of her membership in a protected class. Alfano v. Costello, 294 F.3d 365, 374 (2d Cir. 2002).

### A. Severity and Pervasiveness of Conduct

For the purposes of this motion, the court assumes that the incidents involving Washington occurred as Redd has described them. As such, the court considers whether these incidents, examined in their totality, were sufficiently severe and pervasive to create a genuine issue of material fact with respect to Redd's hostile work environment claim. See Alfano, 294 F.3d at 374. Relevant factors in this determination include (1) the frequency of the discriminatory conduct, (2) its severity, (3) whether the conduct was physically threatening or humiliating, or a mere offensive utterance, (4) whether the conduct unreasonably interfered with the plaintiff's work, and (5) what psychological harm, if any, resulted. Harris, 510 U.S. at 23; see also Patterson v. County of Oneida, 375 F.3d 206, 227 (2d Cir. 2004). "[A] plaintiff alleging a hostile work environment must demonstrate either that a single incident was extraordinarily

severe, or that a series of incidents were sufficiently continuous and concerted to have altered the conditions of her working environment." Alfano, 294 F.3d at 374.

There is only limited evidence that Redd subjectively perceived her work environment to be hostile or abusive as a result of Washington's actions. Although Redd claims to have felt "uncomfortable" after the conduct at issue, she has not offered evidence that she suffered psychological harm, that she found the conduct threatening or humiliating, or that her work was meaningfully impacted. See Lewis v. N. Gen. Hosp., 502 F. Supp. 2d 390, 403 (S.D.N.Y. 2007) (concluding, in similar circumstances, that there was insufficient evidence that plaintiff perceived environment to be hostile or abusive). Nonetheless, the court is unable to conclude, drawing all inferences in Redd's favor, that no reasonable jury could find that Redd subjectively perceived her environment to be hostile or abusive.

Redd has failed, however, to offer evidence demonstrating that the complained-of conduct was objectively hostile and abusive enough to constitute an "intolerable alteration" of her working conditions sufficient to substantially interfere with her ability to perform her job. See Mathirampuzha v. Potter, 548 F.3d 70, 79 (2d Cir. 2008). Washington's alleged acts consisted of relatively minor, incidental physical contact. Even drawing all inferences in Redd's favor, the contact may have been purely accidental. There is no basis for concluding that Washington's conduct was physically threatening or humiliating. Moreover, the alleged incidents were episodic, rather than continuous or concerted. See Alfano, 294 F.3d at 374 ("As a general rule, incidents must be more than 'episodic;' they must be sufficiently continuous and concerted in order to be deemed pervasive.")

Several courts have concluded that similar allegations fall below the threshold of severity for a hostile work environment claim. See, e.g., Quinn, 159 F.3d at 769 (two incidents

of an appreciative comment about plaintiff's buttocks and a deliberate brushing against her breasts were not objectively severe); Lewis, 502 F. Supp. 2d at 403 (three incidents of male plaintiff's female supervisor brushing her breasts up against him in a three-month period were not objectively severe). The court finds that no reasonable jury could find Washington's conduct to be so severe or pervasive as to be objectively hostile or abusive, and that Defendant is therefore entitled to summary judgment with respect to Redd's hostile work environment claim.

### B.     Discrimination Because of Gender

Even if Redd could establish that she was subjected to an objectively hostile or abusive work environment, however, summary judgment for Defendant would be appropriate because Redd has failed to offer evidence that the relevant conduct occurred because of her membership in a protected class. See Alfano, 294 F.3d at 374 (2d Cir. 2002); Brennan, 192 F.3d at 318. "Abusive conduct in the workplace for reasons other than a plaintiff's membership in a protected class is not actionable" under Title VII. Fenn v. Verizon Communs., Inc., No. 08-CV-2348 (PGG), 2010 U.S. Dist. LEXIS 23831 at *28 (S.D.N.Y. Mar. 15, 2010). Here, no reasonable jury could conclude that Washington's alleged conduct was directed at Redd because of her gender.

The Supreme Court has explained that "[c]ourts and juries have found the inference of discrimination easy to draw in most male-female sexual harassment situations, because the challenged conduct typically involves explicit or implicit proposals of sexual activity; it is reasonable to assume those proposals would not have been made to someone of the same sex." Oncale v. Sundowner Offshore Servs., 523 U.S. 75, 80 (1998). Where a plaintiff alleges same-sex sexual harassment, however, it may not be appropriate to infer that similar conduct would not have been directed at an individual of another sex. See id. The Oncale court described three

possible ways, however, in which a plaintiff may prove that same-sex harassment occurred "because of sex." A plaintiff can (1) provide "credible evidence that the harasser was homosexual;" (2) demonstrate that the harasser was "motivated by general hostility to the presence of women in the workplace," or (3) "offer direct, comparative evidence about how the alleged harasser treated members of both sexes [differently] in a mixed-sex workplace." Id.

Redd has not offered any credible evidence that Washington's actions were based on her sex. She has not provided any evidence that Washington is a homosexual or was acting based on sexual desire. Likewise, there is no evidence that Washington was motivated by a general hostility toward women or treated men and women differently in a significant way. Redd does not attribute any suggestive or sexual remarks to Washington, nor allege that she directed similar conduct toward others. As such, a jury would have to speculate as to Washington's underlying motivation – if any – for brushing up against Redd. A reasonable jury could not find that, more likely than not, Washington brushed up against Redd because she was female. See Lewis, 502 F. Supp. 2d at 404-05. Accordingly, there is no genuine issue of material fact regarding the requirement that Redd prove that she was discriminated against because of her sex. Defendant is therefore entitled to summary judgment.[1]

V. CONCLUSION

Defendant has demonstrated that there is no genuine issue of material fact with regard to any of Plaintiff's claims and that it is entitled to judgment as a matter of law. The court therefore adopts Judge Bloom's R&R, except that the court modifies the R&R to grant summary judgment to Defendants on all of Plaintiff's hostile work environment claims. Accordingly, Defendant's

---

[1] Because the court finds that Defendant is entitled to summary judgment based on the absence of a sufficiently hostile work environment and the absence of gender-based discrimination, it does not reach Defendant's argument that there is no basis for imputing Washington's alleged conduct to Defendant.

7

motion for summary judgment is GRANTED in its entirety. Plaintiff's claims are dismissed with prejudice.

SO ORDERED.

Dated: Brooklyn, New York
March 24, 2010

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge